IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANNA F. ROBINSON,

        Appellant,

   vs.

CYNTHIA A. HAGAN,

        Appellee.

Case No. 13-cv-1239-SMY
Appeal from Bankr. Case No. 13-40176

**MEMORANDUM AND ORDER**

This matter comes before the Court on appellant Anna F. Robinson's appeal of the September 30, 2013, and October 24, 2013, orders of the bankruptcy court. Robinson and appellee Cynthia A. Hagan ("the Trustee") filed their briefs (Docs. 5 & 9), and Robinson filed a reply brief (Doc. 10). For the following reasons, the Court vacates the aforementioned orders of the bankruptcy court.

**Background**

In 2003, Robinson was working for the Stinson Memorial Library in Anna, Illinois when she saved from destruction a First Edition Mormon Bible ("the Bible") published in 1830. As a member of the The Church of Jesus Christ of Latter-Day Saints, the Bible was particularly important to Robinson. Ultimately, the library relinquished ownership of the Bible to Robinson and provided her with documentation to confirm her ownership. Because of its poor condition, Robinson keeps the Bible sealed in a Ziploc bag for protection. While she does not use the Bible regularly, she does take the Bible out of the Ziploc bag to show it to her family and fellow church members. In 2003, the Bible was appraised as worth at least $10,000.

On February 25, 2013, Robinson filed her Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of Illinois. On "Schedule B – Personal Property," Robinson disclosed an

> old Morman bible (debtor is of Morman faith, unknown the value of the old Morman bible) debtor has been told that there is a 100% exemption for bibles but valuable bibles may or may not be covered under such exemption. (sic)

*In re Robinson*, Case No. 13-40176-lkg, Doc 1, p. 9. On "Schedule C – Property Claimed as Exempt," Robinson listed the Bible as 100% exempt citing to 735 ILCS 5/12-1001(a) as the law specifying the exemption.

The Trustee objected to the exemption claimed by Robinson arguing that it did not qualify for an exemption under the cited statute. Specifically, the Trustee maintained that the Illinois exemption statute at issue was not intended to exempt bibles that were not of ordinary value. The trustee first argued that the word "necessary" modified all items listed in the statute, and because Robinson had other Mormon bibles, this valuable bible was not necessary. Second, the Trustee argued that allowing the exemption of the bible would violate the intent and purpose of the Illinois exemption statute. Ultimately, the bankruptcy court found that "allowing the debtor's exemption will violate the intent and purpose of the statute. The plain language of the statute as well as its context supports the Trustee's second argument." The bankruptcy court did not address whether the Bible was "necessary" under the statute.

Thereafter, Robinson filed the instant appeal. Robinson argues that the bankruptcy court erred in determining the Bible was not exempt because: (1) the plain meaning of Illinois' personal property exemption statute exempts the Bible; (2) the personal property exemption statute must be liberally construed in favor of the debtor; (3) the legislature did not include a value as a qualifier of an exempt bible; (4) the court based its opinion on guesses of the

legislative intent; and (5) the order violates the First Amendment.  In response, the Trustee argues that (1) exempting the Bible would frustrate the purpose of the statute, (2) the Bible is not necessary under the statute, and (3) Robinson's First Amendment argument lacks authority and merit.

## Analysis

In a bankruptcy appeal, the bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013; *see In re Krueger*, 192 F.3d 733, 737 (7th Cir. 1999).  A finding is clearly erroneous when the reviewing court, having considered the entire body of evidence, is left with the definite and firm conviction that a mistake has been committed.  *Shaw v. Prentice Hall Comp. Pub., Inc.*, 151 F.3d 640, 642 (7th Cir. 1998).  The standard is highly deferential to the bankruptcy court, and if its view of the evidence is plausible in light of the record as a whole, the district court cannot reverse even if it takes a different view of the evidence.  *Matter of Love*, 957 F.2d 1350, 1354 (7th Cir. 1992).  On the other hand, where questions of law are concerned, the district court reviews the bankruptcy court's ruling *de novo.  In re Krueger*, 192 F.3d at 737.  The district court may affirm, modify or reverse a bankruptcy judge's judgment, order or decree or it may remand with instructions for further proceedings. Fed. R. Bankr. P. 8013.  Here, because a question of law is at issue, the Court will review the bankruptcy court's order *de novo*.

When in engaging in statutory construction, the primary goal of the court "is to ascertain and give effect to the intention of the legislature." *In re Detention of Lieberman*, 776 N.E.2d 218, 307 (Ill. 2002).   The court must first look to the language of the statute, "which is 'the most reliable indicator of the legislature's objectives in enacting a particular law.'"  *Id*. (quoting

*Michigan Avenue National Bank*, 732 N.E.2d 528, 535 (Ill. 2000)). Where the statutory language is clear, the court must give the statute its plain and ordinary meaning. *Michigan Avenue National Bank*. 732 N.E.2d at 532.

>The Illinois exemption statute provides as follows:
>
>The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>(a) The necessary wearing apparel, bible, school books, and family pictures of the debtor and the debtor's dependents . . . .

735 ILCS 5/12-1001(a).

The Illinois Supreme Court considered the legislative history of the personal property exemption statute in *In re Marriage of Logston*, 469 N.E.2d 167, 172-73 (Ill. 1984). It noted that the Illinois Supreme Court had previously examined the predecessor to the current personal property exemption statute and concluded that the policy underlying the statute was "the humane principle, that a creditor should not wholly deprive the husband and father of the means of supporting his family, usually helpless in themselves, and preventing them from becoming a public charge." *Id.* (quoting *Good v. Fogg*, 61 Ill. 449, 451 (1871)). The court indicated that same purpose applied to the current statute "with the debtor, his family, and the community viewed as the intended beneficiaries of such statutes." *In re Marriage of Logston*, 469 N.E.2d at 172-73. The court further noted that despite changes over the years, the personal property exemption statute kept the same basic format as "[i]t allowed the debtor to keep certain named items, such as clothing and family pictures, as well as specified dollar amounts of other personalty." *Id.* at 173.

The foregoing interpretation indicates that the legislature did not intend to place a monetary limitation on the items exempted in subsection (a) of the statute under examination. The statutory language further convinces this Court that Illinois did not intend to place a value on

4

the Bible to be exempted.  It is persuasive to the Court that Illinois did not include a dollar limitation in Section (a) of the statute in which it exempts a bible.  However, in the remainder of the statute, it clearly places dollar limitations on the exemptions.  For instance, the statute exempts

> (b) The debtor's equity interest, not to exceed $4,000 in value, in any other property;
> (c) The debtor's interest, not to exceed $2,400 in value, in any one motor vehicle;
> (d) The debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor
>
> . . .

735 ILCS 5/12-1001.  This makes it clear to the Court that the legislature placed value limitations on exemptions when it intended to do so.  As such, the Court finds the Trustee's legislative-intent argument unpersuasive.

The Court believes a reading of the plain language indicates the Bible is exempt without regard to its value.  First, it is the most reasonable interpretation that "necessary" only modifies "wearing apparel" and does not modify the remaining items in the list.  Wearing apparel is a necessity for basic living.  However, one does not need a bible, school books or family pictures to survive.  As such, the Court finds that the statute, as written, does not require the Court to undertake a "necessary" analysis.

Even assuming "necessary" does modify the remaining items in the list, the Court would still find the Bible to be exempt. What is a necessary bible? Of course a bible is not necessary to the extent that one needs it for sustenance.  It can only be *necessary* for spiritual reasons.  The Trustee argues this particular Bible is not *necessary* because Robinson has multiple copies of the Book of Mormon.  Robinson counters that this Bible has special meaning to her because it is a first edition.  The Court doubts it is in a position to determine the spiritual necessity of any book.

Spiritual necessity is necessarily an individual determination.  Other courts, however, have undertaken an analysis of "necessary" in the statute, and the Court will turn to that caselaw for guidance in determining whether a particular bible is "necessary."

A district court has had occasion to interpret "necessary" in the context of "necessary wearing apparel." *In re Deacon*, 27 F. Supp. 296, 296-97 (S.D. Ill. 1939). In that case, the bankrupt owned "one watch, one consistory ring, one diamond shirt stud" that he claimed as exempt under Illinois' personal property exemption statute. *Id*. at 296.  The bankruptcy court found these items to be exempt, and the trustee appealed. *Id*.  In determining whether the items were exempt, the court did not consider the present-day value of the items. *Id*.  Rather, the court looked to factors from which it could conclude whether the bankrupt had intended to defraud the creditors by claiming the property as exempt. *Id*.  Specifically, the court considered whether "the financial circumstances and conditions of the bankrupt's life, prior to his failure, justify the purchase of said article as wearing apparel." *Id*.  The court determined that the bankrupt's "financial standing and his constant usage of the articles shows his intention to retain the property, not for profit or speculation, but purely to be worn by him." *Id*.  "[T]he retention of these articles in this case at issue over a period of years, and at the time when the bankrupt  was amply able to purchase and retain same, does not lead the court to believe that the purchase was made for the purpose of defrauding creditors at that time, or creditors in the present bankruptcy case." *Id*.  Similarly, the Seventh Circuit has noted that the statute at issue exempts "'necessary wearing apparel' *without regard to value*." *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985).

Based on the foregoing, the Court is further convinced that the value of the Bible alone is irrelevant to the "necessary" determination.  Rather, the Court will consider whether the debtor's situation at the time of the acquisition of the Bible justified said acquisition and whether it is

6

apparent that the debtor was trying defraud creditors at the time of acquisition or at the time she filed her bankruptcy petition.  This is not a case, as alluded to in *In re Deacon*, where the debtor purchased an item which at the time of acquisition was outside of her means.  Rather, she was given the Bible by the local library with which she was employed.  Further, this is not a case where a debtor has invested money in an exempt property for the purpose of defrauding a creditor.  It appears that Robinson has held on to this valuable Bible for over ten years.  Considering her income and financial situation, it is clear that she needed money.  However, she refrained from selling the Bible because of its non-monetary value.   As such, this Court finds that the Bible is exempt under Illinois' personal property exemption statute.

## Conclusion

For the foregoing reasons, the September 30, 2013, and October 24, 2013, orders of the bankruptcy court are **VACATED**.  This cause of action is **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

**DATED:** November 3, 2014

                                                  s/ Staci M. Yandle
                                                  **STACI M. YANDLE**
                                                  **DISTRICT JUDGE**